|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

AVERY LAMARR AYERS, §
§
   Petitioner, §
§
*versus* § CIVIL ACTION NO. 1:18-CV-140
§
WARDEN, FCI BEAUMONT, §
§
   Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Avery Lamarr Ayers, a federal prisoner currently confined at FCI Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, this court finds the objections lacking in merit. Contrary to petitioner's belief, the evidentiary standard for disciplinary hearings is *some* evidence to support the factual findings and not *substantial* evidence. *See* 28 C.F.R. § 541.8(f); *see also Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983) (emphasis

added). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). The Magistrate Judge reviewed the evidence relied upon by DHO Lacy to find petitioner committed a violation fo BOP disciplinary code 108 and determined that was sufficient evidence under the "some evidence" standard. The Magistrate Judge did not err in this determination.

Petitioner now challenges the findings further arguing DHO Lacy was biased. To prevail on a claim that a hearing officer was biased, petitioner must show that the actions taken "present[ed] such a hazard of arbitrary decisionmaking that it should be held violative of due process of law." *Wolff*, 418 U.S. 539, 570 (1974). Petitioner contends DHO Lacy was biased because she ignored the procedural safeguards that are required in hearings. Petitioner merely states, "[t]he entire process here does not much more than 'check the boxes' and the hearing process is illusory." Objections, pg. 9. As outlined by the Magistrate Judge, the record in this case establishes that all the due process requirement under *Wolff* were met. Nothing more is required. Petitioner's bias claim is without merit.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is

**ADOPTED.** A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

SIGNED at Beaumont, Texas, this 8th day of February, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE